FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 03, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JERRY MACKAY FAIRBANKS, <br><br> Plaintiff, <br><br> v. <br><br> EDGAR SALAZAR, et al., <br><br> Defendants. | No.  4:26-CV-05027-MKD <br><br> ORDER DISMISSING CASE |

Plaintiff filed a Complaint on March 2, 2026.  ECF No. 1.  Plaintiff also filed an application to proceed *in forma pauperis*.  ECF No. 3.  A complaint filed by any party that seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to screening, and the Court must dismiss a complaint that, among other things, is frivolous and fails to state a claim.  28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Having reviewed Plaintiff's allegations liberally, *see Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019), the Court concludes Plaintiff's Complaint is frivolous.  *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (noting

ORDER - 1

a complaint is factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible"); *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (noting a complaint is frivolous if its factual allegations are "clearly baseless," "fantastic," or "delusional").  The Court further concludes Plaintiff's Complaint fails to state a claim.  The date of occurrence of Plaintiff's claim appears to be December 4, 2018.  ECF No. 1 at 4.  Plaintiff filed the Complaint over seven years later—on March 2, 2026.  Thus, even if Plaintiff had raised a non-frivolous claim, it would be untimely.  *See Boston v. Kitsap Cnty.*, 852 F.3d 1182, 1185 (9th Cir. 2017) (noting "[i]n Washington, the catch-all three-year limitations period for any other injury to the person or rights of another' contained in R.C.W. 4.16.080(2) applies to § 1983 claims") (simplified).

The Court thus dismisses this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court further denies leave to amend.  *See Lucas v. Cal. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (holding that when a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint).

Accordingly, **IT IS HEREBY ORDERED:**

1.     This action is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

ORDER - 2

2.    Plaintiff's application to proceed *in forma pauperis*, **ECF No. 3**, is **DENIED as moot.**

3.    The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, **enter judgment**, provide a copy to Plaintiff, and **CLOSE** the file.

DATED March 3, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 3